*254 OPINION of the Court, by
Judge Owsley.
— The; plaintiff in error prosecuted an action at law against toe intestate, upon a bond for lilt. 16s. bearing date the ^arch 1795, and payable the 1st of May thereafter, and after a trial on an issue joined to the plea of payment, recovered judgment for the amount of the ^oa<^ with interest, See. To obtain relief from this judgment the intestate in his lifetime exhibited his bill in chancery, in which he charges, that he paid the plain-tiffin error, in part discharge of the. bond, a negro aaa the pnce of one hundred pounds, and alleges that the plaintiff is indebted to him on various accounts, which exhibits in his bill, an amount considerably exceeding ffte balance of the bond after deducting the amount ©f *255 the negro ; and prays an injunction against the judgment at law, and general relief.
The plaintiff in error by his answer admits hereceiv-ed a negro man from the intestate at the price of 550/. but denies it was in part discharge of the bond upon which the judgment at law was obtained, but alleges the negro was paid in part of another obligation which he held on him : he also denies every other material allegation of the bill.
The court below oh a final hearing decreed the junction perpetual against the judgmeht at law, and moreover decreed the plaintiff in error to pay fifty dollars, the balance of the accounts exhibited against him, after setting off so much thereof as was necessary to meet the amount of the bond upon which the judgment at law was obtained. To reverse this decree Hughes has prosecuted this writ of error.
The evidence in this cause very satisfactorily proves the payment of the negro in part of the bond upon which the judgment at law was obtained. If, however, the evidence in relation to that fact was doubtful, the circumstance of Hughes holding up the bond for the length of time he has, without prosecuting suit thereon, and his failure to exhibit the bond upon which he alleges the negro was paid, would remove the doubt, and clearly demonstrate the receipt of the negro in part of the bond, as alleged in the bill of the defendant in error.
It is likewise equally clear from the evidence that payments have been made by M’Coun in his lifetime, to an amount exceeding the balance of the bond, and which should be applied to its discharge.
But it was contended in argument that the defendant in error might have availed himself of the defence at law, and hence it is urged relief should not have been decreed in equity. Were the relief sought in equity founded on a defence exclusively cognizable at law, the failure to make defence at law would not afford a right to resort to a court of equity ; but where the subject matter of defence is cognizable both at law and equity, it has been repeatedly held by .this court that a failure to make defence at law does not preclude the right to resort to equity. The subject matter of relief in this case could only have been available at law under a plea of setoff, a plea unknown to the common law, and long *256 before it was admitted by the statute courts of chancery retained jurisdiction for the purpose of setting oft- ac-colints, where, undqr particular, circumstances, such áá attend the present case, aft agreement to setoff the one demand against the other is evident. And it is believed courts of chancery still retain this jurisdiction, unless where defence is made at law under the statute allowing setsoff. In such a case the fact being fried in a court of competent jurisdiction, the decision is conclusive in all courts of co-ordinate jurisdiction ; and hqnce it re-, sults after such a trial relief cannot be obtained in a court of equity.
In the present case,however, the setoff was'not plead-, ed at law, the defence there made was under the plea of payment, and it is evident Under that plea the defendant in error could not avail himself of the partial payments and accounts which: form the grounds of relief in the suit in chancery. The court below, therefore, properly tnbk cognizance of the causé and decreed a perpetual injunction against the judgment at law.
But it ⅛ contended the decree should only havé in-joined the plaintiff in error from proceeding ón the judgment at law against the defendant in error, the administrator of the intestate ; and it is therefore urged the decree making the injunction perpétuaí against all persons whatever, is erroneous. This objection, we are óf opinion, is entitled to no weight. The suit in chancery Was commenced by M’Coun in his lifetime, and after his decease revived in the name of his administrator ; and we have no doubt but á decree on the merits, as m the present case, is a final bar to any further proceedings upon the judgment at law against the heirs of the ihtestaté.
It is, moreover, objected that the decree ordering the plaintiff in error to pay'fifty dollars is erroneous, if in every other respect it is correct. This objection is entitled to more weight. The accounts exhibited in the bill dó not form such an intimaté-union and connection as to make it necéssary for the court, by entertaining jui-fisdiction of part, to take cognizance of the whole; The accounts are of that description whicii can only be óognizáble in equity for the purpose of satisfying the judgment at law. There is one item in the account of fifty dollars', the amount decreed to be paid, unconnec^ *257 ted with the others, and to obtain relief for which resort linight.have been properly made to an • action at law* 'The court below, therefore, should not have taken cog-tnizance of the accounts farther than became necessary i meet the amount of the judgment at law ; and the.de-fee giving reliefto a greater extent is erroneous.
The decree must therefore be reversed with cpsts, the cause remanded to the court below and a decree there entered according to the principles of this opinion.