IN THE

## SUPREME COURT

OF THE

# STATE OF ARKANSAS,

### In January Term, A. D. 1843, being the sixty-seventh year of our Independence.

## CUMMINS vs. BENTLEY.

That a payment was made on a note, while in the hands of a payee, and that he assigned the note without endorsing the credit, is no ground for enjoining the assignee's judgment.

The assignor is a competent witness, at law, in a suit by the assignee, to prove the payment.

It is a general rule, without any exception, that a party is not entitled to come into equity, if his remedy is fully adequate at law; and if a court of law has, in the first instance, acquired jurisdiction of the subject matter.

Offsets are not a good ground for relief, in equity, when they could have been interposed as a defence at law, and there is no allegation that the party was prevented from using them there by some unavoidable occurrence, or that he possessed no other evidence by which to establish his offsets, than the testimony of the defendant himself.

THIS was a bill in chancery, filed in the Pulaski Circuit Court, by William Cummins, against George H. Bentley, Eli Bentley, Oliver T. Bentley, and Thomas Mathers, to enjoin a judgment, obtained against him by George H. Bentley, on a note for $500, and for an account, settlement, and relief. The suit was determined in June, 1841, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. The bill alleged that, on the 1st of November, 1834, Cummins executed his note to Emzy Wilson, for $500, payable 12 months after date; that Wilson endorsed the note to Eli Bentley, by whom it was

passed over, on that assignment, to George H. Bentley; that, after the assignment by Wilson, and before the same had been passed to George, he paid Eli $100 on the note, but which was not credited thereon; that there was no person present when the payment was made, nor did he take any receipt therefor; that he, with the defendants, were partners in certain land claims, and that, through Mathers, who acted for himself and the other defendants, he was retained as counsel, for which they were bound to pay all expenses attendant on the business, and to be accountable to him for all moneys he might pay out in furtherance of the business; that his labor was to be an offset to the expenses, but the moneys expended, $260, were to have been credited on the note for $500, but that the only witness (Mathers) by whom he could have proved these facts had died; that Eli Bentley was further indebted to complainant in the further sum of $130, for fees, due him in a suit in equity, in Pulaski Circuit Court; and that, if the defendants would account with complainant for services, &c., there would be nothing due on the note; that George H. had obtained judgment on the note against him for the whole amount.   The complainant admitted that Eli Bentley held one other note against him for $1500, upon which there was a credit of $300, and that judgment had also been entered against him on the last mentioned note. He prayed injunction, account, and relief by way of set-off.   Injunction granted as to $360.   Eli Bentley, in his answer, denied the payment of the $100 to be credited on the note of $500, executed to Wilson, but admitted the payment of $130, which was credited by him on another note held by him against Cummins, and stated that the credit was given with the consent of Cummins, in the hand-writing of Pike, his partner; and that himself and Oliver Bentley agreed to convey to Cummins one-fifth of their interest in a certain claim, on the Mississippi river, if he succeeded in the claim.   Cummins was to pay all expenses incurred in prosecuting it, but denied the partnership with the other defendants, as alleged in the bill.

Mathers denied all partnership with defendants, or that he was their agent to act for them; and stated that he was present when a verbal contract was entered into between Eli and George Bentley and Cummins, the terms of which were stated by Eli.   George H. Bentley

denied partnership, or payment of any money, or that Mathers was his agent. These are all the material facts, bearing upon the question stated in the bill and answers; nor were any depositions or evidence introduced. Numerous exceptions were taken to the defendants' answers, but, as they had no influence upon the decision of the case, they are not noticed. On this bill, on the 16th of September, 1839, the injunction was dissolved. Afterwards, an amended bill was filed, and the injunction renewed; and, upon a second amended bill, Cummins exhibited certain conveyances, from Eli and George Bentley and Mathers to him. At June term, 1841, the bill was dismissed, the injunction again dissolved, and a decree entered for costs, from which Cummins appealed.

The case was argued in this Court by *W. & E. Cummins*, for plaintiff, and *Trapnall & Cocke*, contra.

At July term, 1842, DICKINSON, J., delivered the opinion of the Court. Is the complainant, from the state of facts presented by the pleadings, entitled to the relief prayed for? The equity of the bill rests upon two charges: First, that Eli Bentley received, on the note that complainant executed to Wilson, $100, which he failed to credit on the note, while in his hands; that he afterwards passed the note to George H. Bentley, without entering the credit; and that, at a suit at law, George H. has recovered judgment against the complainant; that these facts are alone within the knowledge of Eli, and that, upon the trial at law, the complainant had no right to his evidence. It is further stated, that the note was passed from Eli to George H. Bentley, by delivery, and without assignment. The inquiry now is, was Eli Bentley a competent witness between George H. Bentley and the complainant, on the assigned note to Wilson, on a trial at law?

It is manifest that, if Eli could have been used as a witness, and the complainant had failed to avail himself of his testimony, on a trial at law, without showing a legal excuse, then it is clear he is not relievable in equity. It is a general rule, without any exception to the contrary, that a party is not entitled to come into equity, if his remedy is fully adequate at law, and if a court of law has, in the first

instance, acquired jurisdiction of the subject matter. It seems clear to us, that Eli Bentley was a competent witness, on the trial at law, between George H. Bentley and the complainant. How did his interest stand in regard to them? Was it equally balanced? Did it preponderate, or could he have been benefited by the decision of the case, or could the verdict and judgment have been used for or against him? The note was endorsed in blank, by Wilson, and passed to George by delivery. Now, it is apparent that Eli was a competent witness to prove the credit. If he established the fact for the complainant, then he was certainly entitled to a credit for that amount paid upon the note; and so a court of law would have determined. In that event, Eli would have been answerable over to George for the sum proved to have been paid him. His interest being equal, of course the law presumes the witness to stand indifferent; for in no possible case could he be either the gainer or loser by the event of the suit.

This view of the case renders it unnecessary for us to determine whether the answer, which contains a negative denial to the bill, in this particular, and sets up other affirmative matter, without producing the exhibits, is a satisfactory response to the charge, or not; for the complainant, being entitled to the benefit of the assignor's testimony, on a trial at law, and his remedy being complete, and having shown no legal excuse in not availing himself of his testimony, he cannot ask a court of equity to interfere in his behalf.

The second ground set up in the bill for relief is, that Eli Bentley is due the complainant, as an attorney, $130, which he alleges he has a right to offset against the note. The bill contains no allegation that the complainant was unable to establish the amount of his fees by any other testimony than by the parties to the suit. If his claim for fees constituted a proper subject of set-off, that could have been interposed by way of defence at law, and as there is no allegation that he was prevented from doing so by some unavoidable occurrence, or that he possessed no other testimony, except the evidence of the defendant, by which he could establish his claim, of course the plea of offset, which is referred to a court of equity, cannot be sustained. His remedy being complete at law, equity cannot relieve him. In regard to

the partnership set up in the bill, and the advances made for the use and benefit of the copartners, we deem it only necessary to remark, that the allegations of the bill are expressly denied by the answers, and the exhibits produced do not establish such a copartnership as will authorize this Court to interfere and offset the advances thus charged against the judgment at law, or to settle the accounts, in the present state of the pleadings, between the parties.

Decree affirmed.

A petition for reconsideration was filed by the plaintiff, but overruled at January term, 1843.