HALL, Appellant, *vs.* CLARK, Respondent.

1. A purchaser of land who has sustained injury by the deceit of the vendor pending the negotiation, may either set up his damages by way of recoupment in an action for the price, or may afterwards sue for them in an independent action, at his option.

2. But if he fails to recoup, he will not afterwards be entitled to an injunction of a judgment for the price, pending a suit for the damages, on a mere allegation of the vendor's insolvency.

*Appeal from Greene Circuit Court.*

This suit was brought by Hall to recover damages for a deceit alleged to have been practiced upon him by the defendant in a sale of land.

The petition stated that the plaintiff purchased eighty acres of land of the defendant, for which he paid $400 in cash, and gave his note for $200 ; that the defendant, in order to induce him to purchase, " falsely and fraudulently" represented to him that there was a never-failing spring upon the land ; that the spring itself had since been ascertained not to be upon the land sold to plaintiff, but only a branch from it ; and that the spring was not a never-failing spring, but failed during a great portion of the year, by which his land was rendered less valuable than it otherwise wonld have been by $250 ; and that the defendant had recovered a judgment against him on the note and was insolvent ; wherefore he prayed that he might be enjoined from collecting his judgment, until the determination of this suit. The defendant demurred to this petition, assigning as cause, that the facts stated were matter of defence in the former action. The demurrer was sustained, and the plaintiff appealed.

*F. P. Wright*, for appellant.

*Clark*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

The causes of demurrer set forth by the respondent, were not sufficient to defeat the plaintiff's action. In cases in which a defendant is sued for the purchase money of property and he has sustained injury by the fraudulent misrepresentations or misconduct of the plaintiff respecting the subject of the sale, pending its negotiation, he may, at his option, recoup his damages in an action against him to recover the purchase money, or he may bring a separate action for the deceit. Such a defence is of the nature of a set-off, which a party may use or not, at his election ; and a failure to use it as a set-off will not debar him from his action for the fraud. This is the general rule, and there is nothing shown in the pleadings to take this case from the sphere of its operation.

Here, the plaintiff had his option, either to set up the matter alleged to be fraudulent in order to defeat or diminish the

amount claimed by the defendant in the action in which he was plaintiff, or to make it the subject of a separate suit.

But, inasmuch as the plaintiff failed to use his cause of action by way of recoupment, he has now no right to an injunction to restrain the collection of the defendant's judgment. It does not appear but that the plaintiff was apprised of the defendant's alleged insolvency pending the first suit between these parties. Then, as he had a defence, and might have made it, and the motive urged him to it which now induces him to seek an injunction, and he failed to do it, he cannot now profit by his own negligence and obtain an injunction to prevent the collection of the defendant's demand.

The other judges concur, and the judgment will be reversed and the cause remanded, in order that the plaintiff may proceed with his action; but the defendant will not be restrained by the injunction granted in the cause.