Bowen v. Pickett.

---

## OLLIE F. BOWEN v. FLORA PICKETT.

1. COUNTER-CLAIM, *Withdrawal of.* Under the provisions of ₴120 of the code, the defendant has the privilege, as a matter of right, any time before the final submission of the cause on trial, to withdraw a counter-claim or set-off, and the same may become the subject of another action.

2. SET-OFF; *Practice.* Where a defendant, at the instance of the plaintiff, files a bill of particulars in the way of set-off, in an action pending before a justice of the peace, and thereafter an appeal is taken to the district court, and the pleadings are not amended, or any order made as to the filing of new pleadings, the filing of the original set-off does not admit the allegations of the bill of particulars, and the evidence on the trial is to be confined to the items set forth in the bills; but the burden of proof is, in the first instance, upon the plaintiff.

*Error from Neosho District Court.*

AT the April Term, 1881, of the district court, *Pickett*, as plaintiff, recovered a judgment against defendant *Bowen*, who brings the case here. The opinion states the facts.

*C. A. Cox*, and *L. Stillwell*, for plaintiff in error.

*Orange O. Felkner*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action commenced before a justice of the peace, by defendant in error (plaintiff below), against plaintiff in error (defendant below), to recover $21, alleged to be due on a book account, for cash loaned and furnished. The defendant was required by the plaintiff to file a bill of particulars setting forth any set-off which she might have. This she complied with, and alleged in her bill of particulars that plaintiff was indebted to her in the sum of $10.35, for goods sold. She neither denied nor admitted the plaintiff's bill, but demanded judgment in her behalf for $10.35 and costs. A trial was had before the justice, and the case appealed. When called for trial in the district court, the defendant asked leave to withdraw her set-off, to which the plaintiff objected. The court sustained the objection. After a jury had been impanneled to try the case, the court, at the instance of the plaintiff, decided that the burden of proof was upon the defendant. Thereupon the defendant was sworn as a witness, and her counsel asked her whether the plaintiff had ever loaned her any money. This was objected to, upon the ground that the indebtedness of defendant to the plaintiff, as alleged in her bill of particulars, was not controverted. The court sustained the objection. No evidence was then introduced, and without further proceedings judgment was rendered in favor of the plaintiff for $21 and costs.

The various rulings of the court are erroneous. Defendant should have been permitted to withdraw her set-off, under § 120 of the code. The most that plaintiff could have insisted on was to have the set-off docketed and proceeded with as in like cases in process served. The latter section gives a defendant the privilege, as a matter of right, to withdraw a counter-claim or set-off, at any time before the final submission of the cause.

The district court, in furtherance of justice, might have allowed the original pleadings before the justice to be amended, or might have ordered new pleadings to be filed; but in the absence of any amendment or new pleadings being ordered, the mere filing of the set-off in the justice's court did not admit the allegations in plaintiff's bill of particulars; did not waive proof thereof, and therefore the burden of proof was upon the plaintiff. The defendant had the right to prove by evidence that the plaintiff had not loaned her any money, and that the allegations in the bill of particulars of plaintiff were not true; but the introduction of this evidence was not necessary until the plaintiff had made out her case. This the plaintiff never did.

The judgment of the court below will be reversed, and the case remanded for a new trial.

All the Justices concurring.