**KIBBY v. BINION, Sheriff, et al.**

No. 8533—Opinion Filed April 30, 1918.

Rehearing Denied May 28, 1918.

(172 Pac. 1091.)

1. **Judgment — Injunction — Enforcing Counterclaim.**

An action was brought by K. H. & Co. against C. F. K. under a written contract entered into by and between K. H. & Co. and C. F. K., to which C. F. K. answered and set up a counterclaim for damages for alleged fraud practiced upon him by K. H. & Co. in causing him to enter into said contract. In the trial of the case the counterclaim was withdrawn without prejudice, and the trial resulted in a judgment in favor of K. H. & Co., which judgment was affirmed by this court. After said judgment was affirmed C. F. K. brought an action against K. H. & Co. and the sheriff, based upon substantially the same averments contained in the counterclaim which was withdrawn, to enjoin the collection of such judgments and to have ascertained the amount of said damages, and when ascertained to have the same set off against the judgment. No excuse was pleaded or proven for the withdrawal of said counterclaim. Held, that K. having purposely abstained from using in the trial in which the judgment was rendered his claim of set-off voluntarily waived such defense, and he cannot make such set-off a basis of equitable relief. Held, further, that under such facts an injunction to restrain the collection of such judgments will not lie.

2. **Appeal and Error — Review — Judgment — Erroneous Reasons.**

Where in a trial to the court the court renders a proper final judgment in the case, it is entirely immaterial that such judgment is predicated by the court upon an erroneous finding of facts or a misinterpretation of the law, as the ground upon which the court proceeded is not a subject of review by an appellate court.

(Syllabus by Collier, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by C. F. Kibby against Kubie, Heimann & Co. and M. C. Binion, Sheriff of Oklahoma County, Okla., to enjoin the collection of a judgment and to set off damages against the judgment. Judgment for defendants, motion for new trial overruled, and plaintiff brings error. Affirmed.

Everest & Campbell, for plaintiff in error.

H. N. Boardman, E. R. Hastings, and Embry, Crockett & Johnson, for defendants in error.

Opinion by COLLIER, C. The actual controversy in this case is between C. F. Kibby, the plaintiff in error, and the defendant in error Kubie, Heimann & Co., to which action the sheriff of Oklahoma county is a party, but not interested in the result. Suit was instituted by the plaintiff for the purpose of enjoining the sheriff of Oklahoma county from levying an execution upon the property of the plaintiff under a judgment entered by the district court of Oklahoma county in favor of the defendant Kubie, Heimann & Co., and to have ascertained the amount of an unliquidated claim for damages, and when ascertained to have the same set off against said judgment; the said judgment being in excess of the sum of $3,000.

The petition in this case is very voluminous. The salient averments thereof are as follows: That the defendant brought an action against the plaintiff on the 13th day of September, 1910, and on the 4th day of November, 1910, the plaintiff filed an answer and counterclaim, to which a reply was afterward duly filed by defendants; that after said case was called for trial the plaintiff dismissed his said cross-action and counterclaim and the jury, at the direction of the court, returned a verdict in favor of the plaintiff for $3,064.28 and costs; that the plaintiff appealed said cause to this court, where the cause was duly heard and determined, and judgment of the trial court affirmed: that the plaintiff was by occupation a traveling salesman, and was induced by fraudulent representations on the part of Kubie, Heimann & Co. to enter their employ, and that he devoted his entire time to the services of said defendant from the 1st day of July, 1909, to the 1st day of July, 1910, in the furtherance of the business of said defendant; that by reason of the said fraudulent misrepresentations, which are specifically and extensively set forth in the petition, the plaintiff had sustained damages in the sum of $3,900; that Kubie, Heimann & Co. are nonresidents of the state; and that the only property they have in this state is the said judgment against the plaintiff. The prayer of the petition is:

"Wherefore, premises considered, plaintiff prays the court to make an order temporarily restraining the sheriff and said defendant Kubie, Heimann & Co., and each of them, and their agents, deputies, and employes, from levying said execution upon the property of this plaintiff and enforcing the collection of the same, and temporarily restraining said sheriff from making a sale of the property of plaintiff under said execution, until this petition can be heard, and that upon a hearing of this petition said plaintiff be granted a temporary injunction restraining and enjoining the levy and service of said execution and the sale of said property, and upon a final hearing and trial

said temporary injunction be made permanent in the event the court should find that said defendant Kubie, Heimann & Co., is indebted to the plaintiff under the allegations hereinbefore made, in a sum equal to or exceeding the amount of the judgment held by said defendant against the plaintiff, and that if it be found upon a hearing hereof that said defendant is indebted to the plaintiff in a less sum then the amount of its said judgment and costs, then that said defendants be permanently enjoined and restrained from the levy of said execution and the sale of said lands, except for the amount representing the excess of the judgment in favor of said defendant and against this plaintiff, over the amount of the indebtedness from said defendant to this plaintiff. Plaintiff further prays that he recover **his** costs herein, and have all such other and further relief as he may be entitled to in the premises."

There was attached to said petition as an exhibit the contract of employment referred to in said petition. A temporary restraining order was issued. A temporary injunction was granted on the 19th day of March, 1914, which became effective on the giving of a bond. A little later the plaintiff filed an affidavit for service by publication. The defendant filed a special appearance and motion to quash the service by publication upon the ground, among other grounds, "that the affidavit for publication shows the action is not against a foreign corporation having in this state property or debts owing it which are sought to be taken by any of the provisional remedies, or to be appropriated in any way, and that such judgment is not sought to be taken by any of the provisional remedies."

The court overruled the motion to quash the service of summons by publication, to which the defendant excepted, and the defendant thereupon demurred to the petition, which was overruled, and excepted to. Thereupon the defendant answered, denying generally and specifically each and every and all of the statements and allegations in said petition contained, excepting only such statements as are therein expressly set up in defense of the action, which, under the view we take of the case we deem unnecessary to recite, further than to say that the contract attached as an exhibit to the petition in the case is the identical contract which was attached to the petition upon which the judgment which is sought to be enjoined was rendered, and that the facts relied upon by plaintiff are the identical facts pleaded in the counterclaim which was filed by plaintiff to the action in which the judgment was rendered, which counterclaim was withdrawn without prejudice. There was voluminous evidence offered by the plaintiff tending to support the allegations of his petition, which evidence we deem unnecessary to recite.

The case was tried to the court on May 13, 1916, and taken under advisement. On July 14, 1916, the case came on for further hearing, and the court found that the pleas of res adjudicata interposed by the defendant had been sustained, declined to find upon any question of fraud or damages, or any other question raised by the issues in said cause. for the reason that such finding is unnecessary to the proper judgment in said cause, and rendered judgment for the defendant, and dissolved the temporary injunction.

The material parts of the journal entry in the case are as follows:

"The court having heard and considered the evidence in said cause finds therefrom that the pleas of res adjudicata of the defendants is sustained by said evidence, and that the plaintiff is estopped by his conduct to urge the false and fraudulent representations as pleaded by him as a ground for the relief sought in his petition, and for enjoining the execution of the judgment therein sought to be enjoined, and is not entitled to the equitable relief prayed for, and the court further is of the opinion that it is unnecessary to pass upon any question of fraud or damages or any other question raised by the issues in said cause, and declines to pass upon the same and declines to make a finding as to whether or not false and fraudulent representations and inducements were made to plaintiff to induce him to enter into the employ of defendant Kubie, Heimann & Co., or as to the amount of his damages thereby incurred, if any for the reason that such finding is unnecessary to the proper judgment in said cause. It is therefore ordered, adjudged, and decreed by the court that plaintiff take nothing by this action and that said defendants recover their costs herein, and that said temporary injunction heretofore granted in said cause be, and is hereby dissolved. To all of which judgments, orders, and decrees of the court the plaintiff excepted and still excepts. And thereupon, said plaintiff on said 14th day of July, 1916, having filed in said cause his motion for new trial, and the court having heard and considered said motion, the parties appearing as before, and consenting that the same be taken up at this time. It is ordered, adjudged and decreed by the court that said motion for new trial be and is hereby overruled. To which order, judgment and decree the plaintiff in open court excepted and still excepts."

To the action of the court in rendering judgment for the defendant and dissolving the temporary injunction the plaintiff excepted, and brings error to this court.

There are several assignments of error, but the only ones necessary to review are the third and fourth, which are as follows:

"(3) The trial court erred in finding and adjudging that the plea of former adjudication entered in said cause by the defendant was sustained by the evidence.

"(4) The trial court erred in finding and adjudging that the plaintiff was estopped to have and recover the relief demanded in the petition filed in said cause, and that the plaintiff was not entitled to the equitable relief prayed for and sought in said petition."

Section 4771, Rev. Laws 1910, provides:

"The court at any time before the final submission of the cause, on motion of the defendant, may allow a counterclaim or set-off, set up in the answer, to be withdrawn, and the same may become the subject of another action on motion of either party, to be made at the time such counterclaim or set-off is withdrawn, an action on the same shall be docketed and proceeded in as in like cases after process served; and the court shall direct the time and manner of pleading therein. If an action be not so docketed, it may afterwards be commenced in the ordinary way."

This law was adopted from Kansas, and prior to its adoption was construed in the case of Ollie F. Bowen v. Flora Pickett, 26 Kan. 219, the syllabus of which reads:

"Under the provisions of section 120 of the Code, the defendant has the privilege, as a matter of right, any time before the final submission of the cause on trial, to withdraw a counterclaim or set-off, and the same may become the subject of another action."

We therefore think that the court committed error in finding that the plea of res adjudicata of the defendant was sustained by the evidence, and upon such finding predicating judgment for the defendant. But such error we think was error without injury. Where, as in the instant case, the court disposes of the case tried to it by a proper final judgment, it is entirely immaterial that the court based such judgment upon an erroneous conclusion of facts, or a wrong interpretation of law.

'The ground on which the court below proceeded is not a subject of inquiry in the appellate court." 3 Cyc. 221 (b); Hodgins v. Hodgins, 23 Okla. 625, 103 Pac. 711.

The evidence and pleading does not disclose any reason, certainly not a good and sufficient excuse, for plaintiff's withdrawal of the counterclaim filed and withdrawn in the action in which the judgment sought to be enjoined was rendered. We are therefore of the opinion that by reason of failure, without excuse, to plead the counterclaim which was withdrawn, the plaintiff is not entitled to the equitable relief prayed in the instant case, and that the court did not err in rendering judgment for the defendant, and dissolving the temporary injunction.

In Pearce v. Winter Iron Works, 32 Ala. 68, it is held:

"A defendant, having a cross-demand, which is available as a set-off either at law or in equity, and having failed to bring it forward in the action at law, cannot make it the basis of equitable relief against the judgment at law, without showing some sufficient excuse for his failure to avail himself of it at law; and the fact that he was advised that the law court had no jurisdiction to allow the set-off is not a sufficient excuse for his failure."

In John C. Wolcott v. Sidney Jones, 86 Mass. (4 Allen), 367, it is held:

"A bill in equity cannot be maintained to restrain the collection of an execution against the plaintiff in favor of the assignee of an insolvent debtor, on the mere ground that the plaintiff has claims against the debtor which might be the subject of set-off; there being no averment to show that the plaintiff, for any reason, could not have availed himself of his set-off in the action in which the judgment against him was recovered."

In the body of the opinion it is said:

"There is no averment in the bill from which it appears that this remedy, if the plaintiff had exercised due diligence, could not have been used by him to obtain a proper adjustment and set-off of the debt due to him against the claim on which the assignee has obtained judgment. This certainly afforded him, so far as we can infer from the statements in the bill, a clear, plain, and adequate remedy. Having omitted to avail himself of it, the plaintiff cannot now seek to enforce his set-off by enjoining the assignee against the collection of the amount due on the judgment which has been recovered in due course of law against the plaintiff."

See, also, Hill v. McNiell, 8 Port. (Ala.) 432; Cummins v. Bentley, 5 Ark. 9; Hughes v. McCoun's Adm'r, 6 Ky. (3 Bibb) 254; Cook v. Murphy, 7 Gill & J. (Md.) 282.

In Hendrickson v. Hinckley, 58 U. S. (17 How.) 443, 15 L. Ed. 123, it is held:

"An injunction will not be granted against a judgment upon the ground that defendant has a set-off against the debt, where he has purposely abstained from using such set-off in defense of the action at law."

In the body of the opinion it is said:

"Similar considerations are fatal to the plaintiff's claim for relief, on the ground that the defendant resides out of the state, and that therefore he should have the aid of a court of equity to subject the judgment at-law to the payment of the complainant's claim When the complainant elected not to file these claims in set-off in the action at law, he knew that defendant, who was the plaintiff in that action, resided out of the state. If that fact was deemed by the complainant insufficient to induce him to avail himself of his complete legal remedy, it can hardly be supposed that it can induce a court of equity to interpose to create one for him. The question is not merely whether he now has a legal remedy but whether he has had one and waived it. And as this clearly appears, equity will not interfere."

In Hall v. Clark, 21 Mo. 415, it is held:

"Where a vendee fails, in an action against him for the purchase price, to recoup for damages sustained by fraudulent representations made by the vendor to procure the sale, and the vendor recovers judgment, the vendee, pending a subsequent action against the vendor for the deceit, is not, on the ground of insolvency of the vendor, entitled to an injunction enjoining the collection by the vendor of his judgment."

In Perkins v. Clements, 1 Pat. & H. (Va.) 141. it is held:

"A. borrowed money from B., arising from the sale of his wife's real estate, and gave a bond therefor payable to the wife. On the husband's death the wife brought suit on the bond therefor payable to the wife. On the husband's death the wife brought suit on the bond against A, who filed an account of set-offs consisting of the dealings of B. with A.'s firm, and alleged an agreement that the said dealings should be set off against the bond. This plea was waived, and judgment had for the plaintiff. The defendant then filed a bill praying an injunction against the judgment. Held, that, if the defendant had any defense, it was a legal one, on which, having failed to make it with no excuse, he could have no relief in equity."

In the trial of the case several exceptions were saved by the defendants to rulings of the court, which exceptions are extensively argued in defendant's brief, and supported by citations of authorities, but in view of the fact that no cross-appeal has been filed by the defendant. and as the judgment rendered for the defendant must be affirmed, such exceptions will not be considered.

"Where a defendant in error fails to file a cross-etition in error. only those questions presented for assignments in the petition in error are properly reviewable by the Supreme Court on appeal." Higgins-

Jones Realty Co. v. Davis, 60 Okla. 20, 158 Pac. 1160.

The motion for a new trial was properly overruled.

The judgment is affirmed.

By the Court: It is so ordered.