GEORGE W. H. WHITAKER *et al.*, administrators, plaintiffs in error, *vs.* GROOVER, STUBBS & COMPANY, defendants in error.

1. Where administrators were sued on a cause of action arising during the life of their intestate, the plaintiff is an incompetent witness as to such matter, even though he negotiated and contracted with one of the administrators who was acting as the agent of the intestate, then living.

2. Where this court is not satisfied with the verdict, it will not reverse the judgment of the court below ordering a new trial, though placed on a wrong ground.

3. When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated.   If he fails to do so, the creditor has the right to appropriate at his election.

Witness.   Evidence.   New trial.   Payments.   Debtor and creditor.   Before Judge HERSCHEL V. JOHNSON.   Washington Superior Court.   March Term, 1874.

For the facts of this case, see the decision.

LANGMADE & EVANS, for plaintiffs in error.

CARSWELL & DENNY; R. L. WORTHEN, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendants, as administrators of William G. Brown, deceased, on two promissory notes made by their intestate, dated 23d March, 1870, due 1st November, 1870, payable to the plaintiffs, one for $11,038 76, the other for $3,050 10, specifying in the body of each note for value received, being for fertilizers and plantation supplies furnished. The defendants pleaded that the notes were paid off by shipments of cotton made to the plaintiffs. The plaintiffs were the factors and commission merchants of the defendants' intestate, and had a running account with him, and the main question on the trial was whether the proceeds of the cotton forwarded to the plaintiffs by him had been properly applied by them in payment of their open accounts, or whether the same should have been applied to the payment of the notes sued on, and thereby have extinguished them. On the trial of the case, the jury found a verdict for the defendants. A motion was made for a new trial on the ground that the verdict was contrary to law, contrary to the evidence, and because the court erred in ruling out the testimony of Stubbs, one of the plaintiffs, the intestate being dead, and this being a suit against his administrators. The court granted a new trial, giving as a reason therefor that it committed error in ruling out the testimony of Stubbs, whereupon the defendants excepted.

1. It appears from the evidence in the record that Whitaker, one of the defendants, was sworn as a witness on the trial, who testified that as the agent of the intestate in his lifetime, he made an agreement with the plaintiffs in respect to the transaction for which the notes sued on were given, and it was in view of that fact, we presume, that the court held that Stubbs was a competent witness. The 3854th section of the Code declares that where an executor or adminis-

trator is a party to any suit on a contract of his testator or intestate, the other party shall not be admitted to testify in his own favor: *Leaptrot vs. Robertson,* 44*th Georgia Reports,* 47; *Edwards vs. Dixon,* 48*th Georgia Reports,* 468. The defendants were sued as administrators on a contract made by their intestate, and the plaintiff was the other party to that suit, and was therefore an incompetent witness to testify in his own favor in relation to any facts which transpired between him and the defendants' intestate, prior to his death, touching the contract sued on. We are not disposed to create any other exceptions to the statute, and thereby hold out a temptation to commit perjury, than we have already done in *Jackson vs. Jackson,* 40*th Georgia Reports,* 150. In that case it was held that Nancy Jackson was a competent witness to testify in relation to what took place between the administrators after the death of their respective intestates. According to the principle of that decision, Stubbs would have been a competent witness to testify in relation to any transactions which took place between him and the administrators after the death of their intestate, they being in life to confront him as to such transactions had or made between him and them.

2. Although Stubbs was not a competent witness, under the statute, to testify in his own favor as to what was said and done by the intestate or his agent during his lifetime in relation to the contract sued on, still we are not satisfied that the verdict was right under the law applicable to the facts of the case disclosed in the record, and for that reason we will not interfere with the judgment of the court below in granting a new trial.

3. When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated. If he fails to do so, the creditor has the right to appropriate at his election: Code, section 2869. As there is to be a new trial in the case, we express no opinion as to the evidence.

Let the judgment of the court below be affirmed.