ISAAC SHELLABARGER, *et al.*, V. R. BINNS.

1. NEW TRIAL; *When Error Not to Grant.* Where the principal question in a case is, whether the plaintiff has a mechanic's lien on a certain building, and all the evidence in the case, and sufficient evidence, tends to show that the plaintiff had such mechanic's lien, and the jury on said question finds against said plaintiff, it is material error to overrule a proper motion to set aside the verdict and for a new trial.

2. APPLICATION OF PAYMENTS; *Rights of Debtor, and Creditor; Debts, Secured, and Unsecured.* Where a debtor who owes to his creditor several distinct debts makes a payment to his creditor, the debtor may apply such payment to any one of such debts which he chooses. If he does not make the application, then the creditor may do so. If neither makes any such application, then the law will make the application in the manner which is most equitable; and in doing so, the law will generally apply the payment to the oldest debt, or to the earliest item of the same debt, or to a debt that is due in preference to one that is not due; and generally, where one debt is secured, and the other is not, the law will apply the payment to the debt which is not secured.

*Error from Shawnee District Court.*

ACTION by *Shellabarger & Leidigh,* to foreclose a mechanic's lien claimed by them on lots 98 and 100, on Spruce street, in the town of Rossville, and the building thereon, for an alleged indebtedness for building materials furnished by them for use in the construction of said building. The indebtedness was not disputed, but the defendant denied that plaintiffs had a valid lien therefor on said lots or building. The material facts are fully stated in the opinion, *infra.* The action was tried at the May Term 1875 of the district court, D. B., judge *pro tem.*, presiding. The general charge or instruc-

23—18 KAS.

tions of the court contained ten propositions, to three of which the plaintiffs excepted.   These three are as follows:

"7th.–If the jury find from the evidence, that the plaintiffs' and defendant's accounts and demands were so mingled or confused that they are unable to say from the evidence that the promissory note in suit was given for the materials furnished by plaintiffs for the erection of the defendant's building, then the lien of the plaintiffs fails; and the burden of proof is on the plaintiffs to show, by a preponderance of the evidence, that the promissory note in suit was given for such materials so furnished only.

"8th.–If you find from the evidence that the note in suit was given for a general balance of accounts, including the account for the materials furnished for the defendant's house, (if any were so furnished,) and for other lumber and real estate sold by plaintiffs to defendant, then the lien cannot be enforced, and you will find against it.

"9th.–But if you find that the note in suit was given for materials furnished by plaintiffs for the erection of the defendant's house, under contract with the defendant, and for no other consideration, then you will proceed to inquire whether the lien was filed within four months after the completion of the house."

Plaintiffs asked nine instructions, all of which were given except the third, and this was refused.   This is the instruction refused:

"3d.–If plaintiffs did furnish the lumber aforesaid, (bought by defendant to be used by him in the construction of his dwelling on lots 98 and 100, on Spruce street, in the town of Rossville,) under such contract (between plaintiffs and defendant, for the purchase and sale of lumber for such purpose,) and the lumber is the same as set forth in the statement filed in the clerk's office, and offered in evidence to the jury, then the same constitutes a valid lien upon the lots and building aforesaid, if the other provisions of the mechanic's-lien law were complied with by plaintiffs."

The defendant, *Binns*, asked seven instructions, all of which were refused except the third and fifth, and these were given, as follows:

"3d.–If the plaintiffs and defendant had a current account running through the years 1871 and 1872, in which all lumber received by defendant was charged to him, in which all

payments made by the defendant to plaintiffs were credited, and in which land-accounts were entered and mixed, and you find that this mixed account was finally settled on or about the 9th of December 1872 by the payment of $350 and the execution of the note in suit, these are facts which tend to show that the plaintiffs had abandoned their mechanic's lien on the premises in question, if they ever had acquired such lien.

"5th.–To enable the plaintiffs to enforce a mechanic's lien, it was necessary for them to file in the office of the clerk of the district court of Shawnee county, a statement, verified by oath, within four months after the completion of the building in question. It therefore becomes a question of importance for you to find whether this has been done, and in order to do this you may consider the time when the building was erected, when occupied by the defendant and his family, and the date of filing this statement (if any was filed) by the plaintiffs; and if you find that the plaintiffs have failed to file such statement within four months from the completion of the building, then you must find for the defendant on this branch of the case."

The jury returned the following verdict:

(*Title.*) "We the jury find, in the above case, that there is due and unpaid from the defendant to the plaintiffs, on the promissory note in the plaintiffs' petition set forth, the sum of $777.82; and we find that said sum of $777.82, so due and unpaid, is not a lien upon the lots and building mentioned in the petition."

New trial refused. Judgment in accordance with the verdict. And because of the giving and refusing of instructions as aforesaid, and the refusal of the court to give judgment confirming and establishing their mechanic's lien, plaintiffs appeal, and bring the case here on error.

*N. C. McFarland*, for plaintiffs, contended, that in addition to the well-understood rule, that payments must be applied on the *earlier* items, there is another, that they will be applied on the more precarious items of the account. As to application on earlier items, see, 53 Ill. 419; 105 Mass. 255; 46 Vt. 448; 6 Ohio St. 251. That when neither the debtor nor creditor has made any application of payments, the

court will apply them to those debts for which the security is most precarious, see, 2 Eq. Dig. 410; 30 Ind. 429; 5 Bush. (Ky.) 11. So also the court will apply payments on debts due, as against those not due. 15 Conn. 437. Now upon the facts undisputed, applicable to the last two propositions, there seems to be no reason why plaintiffs should not have their lien for the balance claimed by them.

*Guthrie & Brown*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note, and to foreclose a mechanic's lien. Judgment was rendered in the court below in favor of the plaintiffs on the promissory note, but against them on the mechanic's lien, and they now bring the case to this court, claiming that the judgment with regard to the mechanic's lien is erroneous. The facts with reference to the mechanic's lien, as the same appear from the evidence in the case, are substantially as follows: The plaintiffs were lumber and building-material merchants; the defendant was a carpenter and builder. The defendant, for some time prior to 28th May 1872, purchased building materials of the plaintiffs, and on that day owed them something therefor, not to exceed $308.50. Also, prior to that time, to-wit, on 28th November 1871, the defendant bought a town lot with a carpenter shop on it from the plaintiffs, for which he was to pay them the sum of $275, in installments, and the plaintiffs were to make and deliver to him a deed for the property when all the purchase-money therefor was paid. On said 28th of May, $75 of said purchase-money had been paid, and $200 thereof still remained unpaid. On that day, (28th May 1872,) the defendant made a contract with the plaintiffs, that they should furnish him with building materials for a house which he was about to build for himself. The materials were afterward, and in May and June, so furnished, the bill therefor amounting in the aggregate to $818.96. The defendant also purchased

other building materials from the plaintiffs during the
months of May, June, and July, amounting in the aggregate
to a sum not exceeding $203.70. The items however of this
extra building material were kept separate, in the plaintiffs'
account, from those for the defendant's house. None of this
building material was paid for at the time it was delivered.
The defendant however paid the plaintiffs during the months
of June and July the sum of $450. And it may be pos-
sible that more than that sum was paid during the summer
and fall of 1872, not however to exceed the sum of $140.65
in addition to said $450. That is, if the defendant owed the
plaintiffs, on May 28th 1872, $308.50, and afterward pur-
chased $818.96 worth of building materials for his house,
and $203.70 worth of extra building material, aggregating
$1,331.16, then there must have been not only the said $450
paid, but also the said $140.65, aggregating the $590.65; for
on 9th December 1872 the defendant was owing the plain-
tiffs, for building materials, only $740.51. On 9th Decem-
ber 1872, the plaintiffs, by Mr. Leidigh, furnished the
defendant with a statement which showed that the defendant
owed the plaintiffs for building materials $740.51, and for
said lot and shop $200, with $8.97 interest, making a total
of $949.48. Two days later, 11th December, the parties
settled in accordance with this statement, and the defendant
paid the plaintiffs $350, and gave his promissory note (the
one sued on) for the balance, $599.48. There was nothing
said by either of the parties, at the time said payments were
made, as to how any part of the sum paid should be appro-
priated. That is, nothing was said as to whether they should
be applied in payment for materials for the defendant's
house, or for some other portion of the defendant's indebt-
edness to plaintiffs. The evidence however shows that
the defendant was unable to pay for any of said build-
ing materials at the time the same should have been
paid for, and that the plaintiffs thereupon agreed to
be lenient with regard to the payment for such of said
materials as were put into the defendant's house, but

never consented to extend the time for payment for any of the other materials. This would seem to indicate that the parties intended that any payment that might be made should first be applied in payment of such of said materials as were not put into the defendant's house, before any part of such . payment should be applied to any of the other indebtedness. And this was reasonable and equitable. For the most of the indebtedness which accrued for the materials which were not put into the defendant's house was contracted prior to contracting the indebtedness for any of the other materials. And even where both classes of materials were received at the same time, those which were not to be put into the defendant's house were to be paid for first according to contract. Besides, the plaintiffs had no security, and could get none except with the consent of the defendant, for payment for any of the materials which were not put into the defendant's house, but they had security for all the other indebtedness. That is, the plaintiffs could at any time after furnishing the materials for the defendant's house, and within four months after the completion thereof, perfect their mechanic's lien on said house to secure payment for the materials which were put into the house; and the plaintiffs retained and held the legal title to the shop and lot to secure payment for such shop and lot. Also, at the very time that the parties made their said final settlement, and on the same day that the defendant paid said $350, the plaintiffs (by Mr. Leidigh, to whom the same was paid,) appropriated $208.97 thereof to the payment of the indebtedness for said shop and lot, and the balance thereof, to-wit, $140.03, in partial payment for said building material. And probably this is just what the defendant expected would be done; for it would seem from the evidence that at this time, and also sometime in February or March 1873, Mr. Leidigh told the defendant that they (the plaintiffs) would execute and deliver to the defendant a deed for said shop and lot, and plaintiffs afterward did so execute and deliver said deed, and the defendant accepted the same and said it was all right. Before this deed was so executed and

delivered, the defendant himself mentioned the matter to Mr. Leidigh, as though he (the defendant) was expecting the deed. Now according to the original contract for the shop and lot, the defendant was not entitled to a deed for the same until such shop and lot were paid for. All this would seem to indicate that both parties thought that the shop and lot were paid for. At the time said sum of $350 was paid, and even up to and after the time when this suit was commenced, it would have made but little difference to the plaintiffs whether any part of said $350 should be considered as applied in payment for said shop and lot or not. For up to and after the time when this suit was commenced, the plaintiffs had not executed or delivered the deed for said shop and lot, and therefore up to and after the time when this suit was commenced they would have had their vendor's lien on said shop and lot for the full amount of the purchase-money therefor, if such purchase-money had not yet been paid. (*Stevens v. Chadwick*, 10 Kas. 406.) But it is now different. The plaintiffs have now executed said deed for said shop and lot, and if the purchase-money therefor is still unpaid, then the plaintiffs have no security for its payment. They have lost their vendor's lien by the execution and delivery of said deed. (*Simpson v. Mundee*, 3 Kas. 172.)

On 11th March 1873, the plaintiffs filed with the clerk of the district court a statement for a mechanic's lien for the amount of their claim on said house of the defendant. At that time said house was not finished, and indeed it has not yet been finished. Said statement seems to be formal and sufficient in every respect. Said statement shows that the original amount of the claim for materials furnished for said house was $818.96; that $219.48 thereof had been paid; that $599.48 thereof was still due, and that a promissory note for this last-mentioned amount had been given. Upon the foregoing facts the jury found that the plaintiffs had no mechanic's lien. This finding we think was wholly against the evidence, and should have been set aside. The plaintiffs were in all probability entitled to their mechanic's lien for

Shellabarger v. Binns.

the full amount of their claim.  But they were certainly en-
titled to their mechanic's lien for some portion thereof.  In
our opinion, all of said payments except $219.48 thereof
should be applied to the payment of other indebtedness than
that created for materials for the defendant's house.  And if
so, then the plaintiffs should have their mechanic's lien for
the full amount of their claim.  The court below probably
misled the jury by the instructions given and refused.  The
objectionable instructions given are, the 7th, 8th, and 9th,
given on the court's own motion, and the 3d and 5th given
at the request of the defendant.  And the instruction refused,
which should have been given, is the 3d asked for by the
plaintiffs.  It would have been proper for the court to in-
struct the jury to find in favor of the plaintiffs' mechanic's
lien for some amount, and we think it would have been
proper for the court to have designated the amount as
$599.48, with interest.  Where a debtor owes his creditor
several debts, we think the rule for the appropriation of pay-
ments is about as follows: when the debtor makes a payment,
he may apply it to any one of the debts he chooses; but if
he does not make the application, then the creditor may do
so; but if neither makes any such application, then the law
will make the application in the manner which is most equi-
table; and in doing so, the law will generally apply the pay-
ment to the oldest debt, or to the earliest items of the same
debt, or to a debt which is due in preference to one which is
not due; and generally, where one debt is secured and the
other is not, the law will apply the payment to the debt
which is not secured.  (See Phillips on Mechanics' Liens,
ch. 25, § 287, et seq., and cases there cited; and also, see cases
cited in brief of counsel for plaintiffs in error.)

As we have before stated, we think the verdict with refer-
ence to the mechanic's lien, is clearly against the evidence in
the case and the law of the case; and therefore we think the
court below erred materially in refusing to set aside the ver-
dict, and in refusing to grant to the plaintiffs a new trial.  A
proper motion was made to the court for that purpose, and the

court overruled the motion. Taking the most unfavorable view of the evidence for the plaintiffs — supposing that everything in the evidence unfavorable to them is true, and everything favorable to the defendant is true — and still the verdict is against the evidence. There was no necessity in this case for weighing and reconciling contradictory and conflicting evidence, for there was no such evidence of a material character in the case. All the evidence, so far as it went, and the evidence was sufficient, showed that the plaintiffs had a good mechanic's lien.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.