HENRY W. KING *et al.* v. A. J. SUTTON *et al.*

1. DEBTOR *May Direct Application of Payment.* A debtor making a voluntary payment may direct to which account or debt, if there be more than one, the credit may be applied; if he makes no such application, then the creditor may apply it.

2. PARTNERSHIP — *Dissolution — When Creditor May Direct Application of Payment.* When a firm is dissolved in good faith, and one of the partners agrees to pay all the partnership debts, and takes as his share partnership property sufficient to pay them, and continues the business alone for a time, and adds other goods to his stock, and then executes to his creditors a mortgage on all his stock as it then existed to secure both his individual debts and those of the firm, a creditor, in the absence of any stipulation or application by the debtor, can apply a payment made to him to the individual debt rather than to the indebtedness of the firm, although the individual debt was contracted after the dissolution of the firm.

*Error from Franklin District Court.*

THIS action was tried at the October term, 1887, of the district court, without a jury. The court made the following findings of fact and conclusions of law:

"On September 26, 1886, the defendants, A. J. Sutton and E. A. Lusk, were carrying on a general mercantile business in Williamsburg, Kansas, and were indebted to the plaintiffs in the sum of $798.85. On that day the firm dissolved by Lusk taking the business house in which the business was conducted, and Sutton taking the stock of goods; the building was worth about $3,500, and the stock about $7,000, with outstanding accounts due the firm of about $1,600, being the entire assets of the firm. The terms of the dissolution were that Sutton should collect the accounts and pay the debts of the firm. The firm was solvent and the dissolution *bona fide.* Sutton continued the business in the usual course, and among others bought on credit of plaintiffs, merchandise of the value of $347, which was added to and used in said stock. The plaintiffs, soon after said dissolution, were apprised of its terms. On March 4, 1887, Sutton, being unable to meet his liabilities, upon his own motion executed and placed on record two successive chattel mortgages on his said stock of merchandise as it then existed, which mortgages were made

by him individually, and on their face purported to be made
to secure the payment of his individual debts, but were in fact
intended to secure the amounts which remained unpaid of the
debts of the firm, as well as the debts contracted by him while
conducting the business alone. At the date of said chattel
mortgages only $256 of the indebtedness held by plaintiffs
was due (being part of the partnership debts.) This amount
was secured in the first mortgage, and the remainder not due
in the second. The creditors named in said chattel mortgages
permitted Sutton to remain in charge of said stock, and to
sell from it at retail, and with the proceeds of such sale pur-
chase staple necessaries to keep the stock up; and from such
sales a balance was realized sufficient to pay 20 per cent. on
the claims included in the first mortgage, which was so ap-
plied. On June 6, 1887, this action was begun by plaintiffs
causing summons to be issued, and also procuring an order
of attachment to issue to the sheriff of said county, which or-
der was executed by attaching as the property of defendant
Lusk, the store building hereinbefore spoken of as the part
of the assets of the firm which he received at the dissolution
of the partnership. On October 4, 1887, all of the creditors
named in the said chattel mortgages, except plaintiffs, agreed
with a purchaser (whom Sutton had found for the stock) to
take 80 per cent. of first-mortgage claims, and 40 per cent.
of second-mortgage claims, and release said mortgages and
give receipts in full for all their claims secured thereby. The
plaintiffs declined to do so, but agreed to and did assign to
said purchaser their rights to said stock by virtue of said
mortgages, in consideration of $534.34, being the same propor-
tion of their indebtedness as that received by the other credit-
ors, expressly reserving to themselves the right to proceed
against said Sutton or the firm of Sutton & Lusk for any
balance remaining unpaid after the application of the sum
received for said assignment, viz., the sum of $534.34. The
plaintiffs applied $347 of the amount so received to the satis-
faction of the individual debt of Sutton and credited the amount
due from Sutton & Lusk with the remainder, $247.34. The
disposal so made by plaintiffs of their chattel mortgage inter-
ests was judicious and fair. If the application of said pay-
ment was legal the defendants are indebted to the plaintiffs
in the sum of $638.97; otherwise they are only indebted to
them in the sum of $298.97."

CONCLUSIONS OF LAW.

"1. After the dissolution of the firm of Sutton & Lusk,

Lusk stood in the relation of surety for the payment of partnership debts, as between himself and Sutton, and such creditors as had notice of the agreement of dissolution.

"2. After the fair application of the property mortgaged the amount unpaid on plaintiffs' account against the firm was a valid claim against both A. J. Sutton and E. W. Lusk.

"3. Equity requires that the amount realized by the plaintiffs from the chattel mortgages should be applied on the partnership indebtedness.

"4. The balance, after making such application, to wit, of $288.97, is due to the plaintiffs from the defendants, A. J. Sutton and E. W. Lusk, and judgment must be rendered accordingly."

The plaintiffs in error, who were plaintiffs below, insist that the findings of fact do not authorize the conclusions of law, nor support the judgment rendered in this case.

*Mechem & Smart*, for plaintiffs in error.

*H. P. Welsh*, for defendants in error.

Opinion by HOLT, C.: The court, in its third conclusion of law, stated that equity demanded that the amount paid plaintiffs on the chattel mortgages should have been applied in liquidation of the partnership debts. The mortgages were executed by Sutton several months after the dissolution of the partnership, and upon his stock of merchandise as it then existed; how much of that stock had formerly belonged to the firm, is not stated. It is certain, from the findings, that Sutton had made additions to it by purchases of goods after the dissolution in September. Of the firm's debts, $256 which was due at the time of the execution of the mortgages was secured by the first mortgage, and the balance of the indebtedness by the second. The first one was paid in full by the 20 per cent. paid by Sutton while running the store as the agent of the creditors, and the $247.37, which was credited by the plaintiffs on that account, when the property was sold to the purchaser whom Sutton had found. The question is fairly presented to us, whether the indebtedness of the firm, secured by the second mortgage, must be paid before the individual indebtedness of Sutton, secured in like manner.

· We think the rule is well settled, that a debtor making voluntary payment may direct to which account or debt—if there be more than one—the credit may be applied; if he makes no such direction, then the creditor´ may; if both fail to do so, then the law will apply payment according to its notions of justice. (*Shallabarger v. Binns*, 18 Kas. 345; *United States v. Kirkpatrick*, 9 Wheat. 737; *Wooten v. Buchanan*, 49 Miss. 386; *National Bank v. National Bank*, 94 U. S. 439; *National Bank v. Bigler*, 83 N. Y. 53; *Whitaker v. Groover*, 54 Ga. 174; *Jones v. Williams*, 39 Wis. 300; *Moore v. Kiff*, 78 Pa. St. 97; *Hersey v. Bennett*, 28 Minn. 86, 9 N. W. Rep. 590.)

The plaintiffs did appropriate $347 of the amount received to the payment of the individual debt of Sutton. If there was nothing in the agreement of dissolution of Sutton and Lusk, or if the creditors of the firm had no lien upon the partnership property, or nothing specified in the mortgages to the contrary, then the plaintiffs would have had full power to make this appropriation. (*Shallabarger v. Binns*, 18 Kas. 345.) And this rule would not be different although the debt was contracted subsequent to the partnership debt of Sutton & Lusk.

The goods mortgaged by Sutton to secure his own indebtedness and that of the firm, were his own property. In a *bona fide* dissolution of the partnership it was agreed between the partners that Sutton should take all the property of the firm, except the store building, and pay all the debts. The creditors had no lien upon the firm's property to secure the payment of their claims; neither did Lusk have any lien, equitable or otherwise, upon the goods for the payment of the partnership liabilities, that could be enforced in any court. (*Parker v. Merritt*, 105 Ill. 293; *Mortley v. Flanagan*, 38 Ohio St. 401; *Giddings v. Palmer*, 107 Mass. 269; Story on Partn., §§ 358, 359, and note.) This rule does not conflict with the well-established doctrine that partnership debts may be primarily enforced against the partnership property, rather than the property of the individuals of the firm. While the firm

is in existence its property may be sold by either partner, and will be followed by no claim, in law or equity, by the creditors of the firm if sold to the purchaser in good faith. When the firm is solvent the partners are free to dispose of its property, so far as the creditors are concerned, just the same as though it were the property of the individuals; and one of them, under such circumstances, may become its separate owner. The law does not provide that partnership debts may be first enforced against the joint property of the firm in preference to the individual debts of the partners, on the ground of any equity held by the creditors, but this relief is granted to the creditor on account of the equities of the partners, each one of them having the right to demand that the firm property shall be devoted to the payment of the firm debt, and shall be first exhausted before the individual estates are taken. (*City of Maquoketa v. Willey*, 35 Iowa, 323.)

Lusk could have had no equity in this matter, for he had voluntarily parted with his interest in the partnership property; this left the creditors of Sutton, or of Sutton & Lusk, full liberty so far as Lusk was concerned, to make appropriation of the proceeds received as they saw fit, either out of Sutton's or the firm's property. We believe that the court erred in its third conclusion of law, and that plaintiffs having made appropriation of the amount paid to them, the court ought to have allowed it to remain. It follows, therefore, that the fourth conclusion of law is erroneous, and under the findings of fact the judgment, instead of being for $293.97 for plaintiffs, should have been for $638.97.

We recommend that the judgment be modified in accordance with this opinion.

By the Court: It is so ordered.

All the Justices concurring.