## HODGINS v. HODGINS.

No. 26. Opinion Filed May 12, 1909.

(103 Pac. 711.)

**INJUNCTION—Temporary Injunction—Dissolution.** A temporary injunction should never be granted because of the mere apprehension of the petitioner that injury may be done, and an order dissolving a temporary injunction granted upon the allegations set forth in an answer and cross-petition sworn to, but otherwise unsupported, based upon such grounds, will not be reversed on appeal.

(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Vol. 23—40

Action by Edward L. Hodgins against Maud E. Hodgins. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. A. Fain* and *R. J. Ray,* for plaintiff in error.

*Louis Davis* and *B. M. Parmenter,* for defendant in error, cited the following authorities: *Lockhart v. Wills* (N. Mex.) 54 Pac. 336; *Hall v. Rockwell* (Colo.) 6 Pac. 927; *Groome v. Almstead* (Calif.) 35 Pac. 1021; 3 Cyc. 221, 327; *Brown v. Donnelly* (Okla.) 91 Pac. 859; *Couch v. Orie* (Okla.) 41 Pac. 368; 22 Cyc. 763, 776, and cases cited; 7 Enc. Pl. & Pr. 290, and cases cited; 1 Enc. Pl. & Pr. 442.

TURNER, J. This is an appeal from an order of the district court of Comanche county, dissolving a temporary injunction.

On February 6, 1907, Edward L. Hodgins, defendant in error, plaintiff below, filed his petition in said court against Maud E. Hodgins, plaintiff in error, defendant below, to which she filed an answer, and by way of cross-petition, which was sworn to, in substance, among other things, charged plaintiff with cruelty, and that he had wholly failed and refused to support her and their two children, although greatly assisted financially by her father, who, for the purpose of providing a home for her and her children, bought a relinquishment of the N. E. 1/4 of section 30, township 2 S., R. 17 W., situated two miles from the town of Frederick, in said county,, and permitted plaintiff to make homestead entry thereon which he did at the Lawton Land Office, on January 23, 1905, the same being H. E. No. 1197; that, after the same was made, her father furnished means to build a house and barn thereon, and break it out and put it in its present state of cultivation, all at a cost to him of some $1,800, and, in addition thereto, supported herself and children since her marriage, towards all of which plaintiff had contributed nothing. She further alleged: "That it is the present intention of plaintiff, as she believes, to wholly deprive her and her children of their said home, and all that her father has given her, and to appropriate the same to his own use and benefit; that plaintiff's cruel and inhuman treatment of ˏdefendant was for the purpose of compelling her to leave him and to

live with her father and to deprive her of said farm and secure the same to himself; that because of plaintiff's treatment of her she never lived with plaintiff since she recovered from the confinement with her last child; that if defendant be not restrained, he will relinquish title to the above tract of land, the title to which is still in the government, back to the government, or sell the same and the improvements thereon, to deprive defendant of the benefit thereof"—and prays for the custody of their children, for alimony, and attorney's fees, for an equitable division of their property, and that pending the suit plaintiff be enjoined from relinquishing or in any wise disposing of said land or the improvements thereon. The cause coming on for hearing, the court, upon the application, granted a temporary injunction to the effect that plaintiff be and he was restrained from relinquishing to the government the said homestead entry or in any wise disposing of the same or the improvements thereon pending the hearing of said cause.

On November 30, 1907, said cause came on to be heard before the judge of said district, at chambers, in Lawton, on the application of defendant for temporary alimony and attorney's fees, and upon motion of plaintiff to dissolve the temporary injunction, at which time defendant introduced no evidence, but in support of his motion to dissolve plaintiff adduced testimony and also showed to the court, by his affidavit, "that he had never threatened to dispose of any of his property, either real or personal, nor had he ever attempted to, nor intended to, nor is he about to dispose of any of his property in any way or manner whatsoever," whereupon the court entered the following order:

"Now on this 30th day of November, 1907, the above-styled cause came on to be heard before me at my chambers in the city of Lawton, in said district, on the application of the defendant for temporary alimony and attorney's fees, and upon the motion of the plaintiff to dissolve the temporary injunction heretofore granted, and the plaintiff being present in person and by his attorneys, B. M. Parmenter, Esq., and Louis Davis, Esq., and the defendant being present by her attorney, R. J. Ray, and the court after hearing and considering the evidence of the parties and the

argument of counsel, and being fully advised in the premises, finds that the plaintiff is unable to pay temporary alimony, and that it is not shown that the defendant is unable to support herself and children and meet the expenses of preparing case for trial, and it is therefore ordered and adjudged that the temporary alimony be denied, to which the defendant excepts, and the exception is allowed; and, on the motion to discharge the temporary injunction, I find that the temporary injunction restrains and enjoins the plaintiff from relinquishing to the United States his right, title, and interest in and to a tract of land upon which he has a homestead entry, the title still being in the United States, and that therefore the court has no jurisdiction nor power to grant nor enforce such injunction, and it is therefore ordered and decreed that the said temporary injunction be discharged and dissolved, to which order the defendant excepted and excepts, which exception is allowed. And the defendant thereupon prays an appeal to the Supreme Court of the state of Oklahoma, from the order discharging the temporary injunction  *   *   * ''—which was granted, and said order is now before us for review.

Assailing said order, it is contended by plaintiff in error that the judge at chambers erred in holding that the court was without jurisdiction to grant or enforce a temporary injunction such as is the one in question, enjoining plaintiff from relinquishing his homestead entry. In answer to this it is, in effect, contended that, let that be as it may, said temporary injunction was improperly and improvidently granted in the first instance because made upon an insufficient showing, and, as such, was properly set aside, and that this court on review will not reverse the lower court, notwithstanding it might have given a wrong reason for dissolving said injunction. In this contention we concur. If the injunction was improperly granted in the first instance, it was the duty of the judge to set the same aside on motion to dissolve, and his action in so doing will not be disturbed by said court on appeal if the same was proper, although the reason assigned might not to us appear sound—upon which we express no opinion, as such is not necessary to a proper determination of this cause. *Thompson v. Huron Lumber Co.,* 4 Wash. 600, 31 Pac. 25; *Martin v. Martin,*

113 Cal. 479, 45 Pac. 813; *Groome v. Almstead,* 101 Cal. 425, 35 Pac. 1021. Or, as is aptly said in 3 Cyc. 221:

"Where a judgment or order is correct, it will not be reversed on appeal because the trial court has based its decision on erroneous and insufficient grounds. * * * The ground upon which the court below proceeded is not a subject of inquiry in the appellate court"—citing authorities.

Without inquiring into the reason assigned by the judge at chambers for dissolving the temporary injunction, we think the action of the court in so doing was proper on other and more apparent grounds.

To entitle defendant to a temporary injunction, it was necessary for her to show clearly and by proper averment in her cross-petition that plaintiff had done, or was threatening to do, some act which would produce irreparable injury to her, and that such act would in all probability be committed unless restrained. 16 Am. & Eng. Law, 360, 361. This she does not do or attempt. A fair statement of the allegations in the cross-petition have been above set forth, from which it appears that a threat of no kind had been made by plaintiff against her or her property interests. All she alleges, in substance, is that it is the present intention of plaintiff, as she verily believes, to wholly deprive her and her children of their home, and, if not restrained, will relinquish title to his homestead to the government of the United States. This was manifestly insufficient to move the court in the first instance to grant the temporary injunction. Such allegations expressed nothing more than a bare apprehension of injury, which, so far as the face of the petition shows, is groundless, and, while it is well settled, is not sufficient, as courts cannot grant injunctive relief to allay the fears and apprehensions of individuals. 16 Am. & Eng Enc. Law, 361.

In *Lutheran Church v. Maschop,* 10 N. J. Eq. 63, appellant was a religious corporation, and appellee its pastor, who by vote of the members of its congregation, acting under rules and regulations adopted for its government, had been deposed for misconduct. He sought to officiate in spite of such deposition. In

passing on a bill to enjoin him, the court held that under its allegations he was a mere trespasser, and denied relief, and in passing said:

"The bill further alleges that Mr. Maschop intends to take measure to deprive such members as are opposed to him of their right to vote, and compel such members to take pews, and contribute to his support, or else to be disfranchised of any right to vote in matters affecting the church property, and so to depose the present trustees, and thereby obtain undisputed possession of the church for his own purpose. The court is asked to interfere to prevent this. From anything that appears upon the face of this bill, these apprehensions of the complainants are entirely groundless. The court cannot grant an injunction to allay the fears and apprehensions of individuals. They must show the court that the acts against which they ask protection are not only threatened, but will in probability, be committed to their injury."

In *Penn. Ry. Co. v. National Docks & C. Co.* 52 N. J. Eq. 555, 36 Atl. 580, the court, in the syllabus, lays down the rule thus:

"A preliminary injunction is properly refused when there exists no reasonable ground for apprehending that the injury against which the injunction is sought will be attempted." .

In *Goodwin v. N. Y. & C. Ry. Co.,* 43 Conn. 494, an order and decree of the superior court dismissing a bill was brought by motion in error to the Supreme Court of Errors. Petitioner, among other things, in substance, on oath, alleged that he was a stockholder in the respondent railroad company, that it had theretofore issued free passes to the members of the General Assembly, that he was apprehensive that the present officers would issue free passes to the said members, to be elected after the date of his petition, and prayed that it be restrained from doing so. On the petition, so verified, the court issued the injunction as prayed, and at a subsequent term made findings of facts and dismissed the bill. The Supreme Court of Errors affirmed the judgment of the superior court, and in passing said:

"The only remaining clause in the finding which has a bearing on the question in hand, and on which any claim can be made for a judgment in favor of the petitioner, is this: That the pe-

titioner was apprehensive, from the previous course of the company's business, and from the position taken by some of the officers at the last meeting of the stockholders of the company, that the present officers would issue complimentary tickets to members of the General Assembly to be elected after the date of his petition. No court of equity should ever grant an injunction merely because of the fears or apprehensions of the party applying for it. Those fears or apprehensions may exist without substantial reasons. Indeed, they may be absolutely groundless. Restraining the action of an individual or a corporation by injunction is an extraordinary power, always to be exercised with caution, never without the most satisfactory reasons. Not the applicant only, but the court, must be satisfied that a wrong is about to be done, or an injury is about to be sustained, which, practically, will be irreparable, before resort should be had to this extreme power. This record shows no such state of things. Certain reasons, indeed, are given why the petitioner entertained apprehensions as to the course which these respondents in the future might pursue; but the record is silent as to whether those apprehensions were well or ill founded. There is no finding by the court that the respondents contemplated doing, or proposed doing, any act which the petitioner sought to restrain them from doing, and so the case stands merely on the apprehensions of the petitioner—quite too narrow a basis to support an injunction."

See, also, *Sherman v. Clark,* 4 Nev. 138, 97 Am. Dec. 516; *Home Ins. Co. v. Nobles et al.* (C. C.) 63 Fed. 542; *Mariposa Co. v. Garrison,* 26 How. Prac. (N. Y.) 448.

We are therefore of the opinion that, as said allegations in the cross-petition were insufficient in the first instance to warrant the issuance of a temporary injunction, and on the motion to dissolve were wholly unsupported by testimony, and upon the part of plaintiff were shown to the court to be groundless, the court did not err in dissolving said injunction, and that the order of the court in so doing be, and the same is, accordingly, affirmed.

All the Justices concur.