## KASENBERG *et ux*. v. HARTSHORN.

No. 1286.   Opinion Filed December 12, 1911.

(120 Pac. 956.)

1.  **EVIDENCE—Best and Secondary Evidence.**   It is error for a trial court, over objections of a party, to permit a witness to read to the jury a long list of deposits, made at a bank, also a long list of checks, showing the amount of money drawn from the bank, which purported copy of account was not made by the witness, nor was it certified as being a true copy of the original account, and no excuse is offered for the failure to produce the original books of entry, or to show that the same were lost or destroyed, or that the person making the original entries was dead, or absent from the county, or why the books containing the original account were not subpoenaed, or the deposition of the party in whose possession they were was not taken.

2.  **SAME—Documentary.**   It is error for a trial court, over the objections of defendants, to permit plaintiff's witness to testify that certain purported copies of lost agreements were true and correct copies of the originals, when the copies were not certified, nor supported by the oath of the party purporting to have made them, and it was not shown that they were made by the witness.

3.  **SAME—Best and Secondary.**   It is error for a trial court, over objections of defendant, to permit plaintiff's witness to identify an account, which includes many transactions, extending over several months' time, and then to permit the introduction of said copy of account as evidence, when it is shown that the witness was plaintiff's bookkeeper and had made the original entries in the books; and that the said books of original entry were then in the immediate possession of witness, but which were not offered in evidence;   such attempt to prove the correctness of a book account is contrary to the provisions of sec. 5907, Comp. Laws 1909.

(Syllabus by Robertson, C.)

*Error from District Court, Atoka County; A. T. West, Judge.*

Action by J. A. Hartshorn against G. Kasenberg and Maggie Kasenberg, to recover certain personal property.   Judgment for plaintiff.   Defendants bring error.   Reversed and remanded.

*J. G. Ralls* and *Dale & Amidon,* for plaintiffs in error.

*D. H. Linebaugh,* for defendant in error.

Opinion by ROBERTSON, C.   Defendant in error, here-
inafter designated as plaintiff, commenced an action in replevin
in the district court of Atoka county on the 25th day of June,
1908, against the plaintiffs in error, who were defendants below,
to recover certain specific personal property described in the peti-
tion and affidavit.   Verdict was returned on the 22d day of De-
cember, in favor of the plaintiff, against the defendants.   Motion
for new trial was filed, overruled, exceptions taken, and the de-
fendants prosecute this appeal to reverse said judgment.

Many errors were assigned in the petition in error, and urged
by counsel for defendants, in his brief, but it will be unnecessary
for us to examine them all.   On page 17 of the case-made, C. M.
Hyde, a witness for the plaintiff, was permitted, over the repeated
objections of defendants, to read from what purported to be a
copy of defendants' bank account with the First National Bank
of Konawa, a long list of deposits as well as a long list of checks,
covering two typewritten pages of the record.   No attempt was
made to show that the original books of entry were lost or that
they were for any other reason not available; the purported
copy of the account was not made by the witness, nor was it
certified by any one as being a true and correct copy.   No excuse
was offered for the failure to have the books subpoenaed and
brought into court, or for the failure of plaintiff to have taken the
deposition of the bookkeeper or the person having them in charge.
After permitting the witness to read the account to the jury, the
copy not having been offered or introduced, the defendants moved
to exclude such testimony from the consideration of the jury,
which motion was denied by the court.   On cross-examination
by defendants the following facts relative to said account were
established:

"Cross-examination by Judge Ralls:   Q. What you have
been stating as the amount of deposits and amounts drawn out
was simply read from a paper that you had in your hand, was
it not?   A. That was the exact items on our books.   Q. I say
that you were reading from a paper that you had in your hand,
the various amounts that you mentioned, and also the dates, were
you not?   A. Yes, sir.   Q. You have no present recollection of

this outside of this data have you? A. Yes, sir. Q. Can you tell me, without reference to the paper? A. I can tell you that this is a copy of our books; that the account is taken from our books. Q. Can you tell me whether or not there was any money deposited thereon the 1st day of May, 1907? A. No, sir. Q. Can you tell me what amount was deposited on any day in 1907? A. No, sir. Q. Can you tell me what amount was drawn out on any day in 1907? A. No, sir. Q. Then you rely solely for such items upon this copy that you had before you, and you were reading from that copy, is that not a fact? A. Yes, sir. Q. You did not make this copy yourself? A. No. * * * Q. This paper is not in your handwriting, is it? A. No, sir. Q. No, sir. Q. Those figures were not made by you? A. No. sir. * * * Judge Ralls. We now move to exclude from the jury the evidence of this witness because it is all hearsay and shown to be such by his evidence. (The court overrules the objection. Defendants except.) Judge Ralls: We now move to exclude the paper that was used by the witness in reading to the jury these various dates, because it was not the best evidence, and not a proper way to prove an account. The Court: That has not been introduced. Witness excused."

It was not made to appear by the oath of any person who made the entries that such entries were correct, or that they were made at, or near, the time of the transaction to which they relate, nor did it appear that the person who made the account was dead, or absent from the county, or that the original books could not be secured, or depositions taken, with notice to the opposite party, giving him a chance to be present and examine them, and cross-examine the witness who made the account. It is a fundamental rule of evidence that some one of these various things must have existed in order to render competent such testimony. A strange thing about this transaction is that the court permitted the witness to read the entire account to the jury, and to testify at one place that he knew it was correct, notwithstanding defendants were deprived of the right of an examination of the original books, and the cross-examination of witness who prepared the statement, yet that when defendants moved to exclude the paper from the consideration of the jury, the court held that it had not been introduced. (Record page 23.)

Section 5907, Comp. Laws 1909, reads as follows:

"Entries in books of account, may be admitted in evidence, when it is made to appear by the oath of the person who made the entries that such entries are correct and were made at or near the time of the transaction to which they relate, or upon proof of the handwriting of the person who made the entries, in case of his death, or absence from the county."

In this case there was no attempt made to introduce the original books. All that was offered was a purported copy of an account that covered several months' time. Such evidence was clearly incompetent. This section of our statute was construed in *Drumm-Flato Commission Co. v. Edmisson,* 17 Okla. 344, 87 Pac. 311, in the following language:

"There is a still stronger reason why the ruling of the court should be upheld. The defendant did not produce the proof in court, nor was the book of the original entries therein attached to the deposition of the witness Burnett, hence we think it was clearly incompetent to attempt to prove the entries by permitting the deposition of the witness Burnett to be read to the jury as to the contents of the book. We know of no rule of evidence that would permit a witness to state the entries or the accounts of a book account, unless the books are lost or destroyed."

In that case the trial court properly refused to permit the introduction of the same kind of testimony, and the Supreme Court sustained the judgment of the lower court in so doing. This case went to the Supreme Court of the United States, and was affirmed in 208 U. S. 534, 28 Sup. Ct. 367, 52 L. Ed. 606. The court speaking through Mr. Justice McKenna, on this phase of the case, said:

"The next assignment of error is that the court erred in rejecting the books of account kept by the Commission Company, showing the number of cattle received and sold by the company."

And after quoting section 5907, *supra,* the court continues:

"To the contention the Supreme Court of the territory replied that the entries were not a part of the *res gestae,* that besides the books were not produced, and that. neither they nor the original entries were attached to the original deposition of the witness, nor were they shown to be lost. * * * It is, however, contended that the books were before the notary who took the deposition of the bookkeeper, and that copies of the entries were made by the notary; that when the copies were offered as evi-

dence they were immediately objected to as incompetent, imma-
trial, and not the best evidence. The Commission Company, was,
therefore put upon notice that the production of the books them-
selves would be insisted on. The notary was not trying the case,
and, before the court and jury who were trying the case, the ob-
jections to the copy of the entries were renewed. We think that
the books should have been produced; they were intended as in-
dependent evidence—independent of the witness from whose re-
turns they were made."

On page 36 of the case-made, during the examination of
Neal Cox, a witness for the plaintiff, while attempting to prove
that certain papers which he held in his hand were true copies
of the original agreement of sale between plaintiff and defend-
ants and which originals were lost, he was asked the following
question:

"Q. Are these copies of the original agreement that you and
Mr. Hartshorn had in February, when you were figuring up a
settlement, and they were signed by Mr. Kasenberg and his wife?
A. Yes, sir. (The defendant objects that this is not the proper
way to prove the contents of a lost instrument, and, further, be-
cause it is leading and suggestive. Objection overruled, and de-
fendant excepts.)"

These purported copies of the original agreement between
the parties were admitted in testimony over the objection of de-
fendants when it was shown that the witness Cox was not their
custodian, that they were not certified, neither were they made
by Cox, therefore they were clearly incompetent. Cox might
have been permitted to testify as to the contents of the original
papers, if he had any recollection thereof, but to permit him
to take in his hand, before the jury, what purported to be copies
of the original contract, and to tell the jury that they were true
copies, without qualifying him in any way, was clearly error. On
page 126 another error is complained of by the defendants in
that Cox, witness for the plaintiff, was permitted, over the ob-
jections of the defendants, to testify as follows:

"Q. State whether or not this is a correct copy of the ac-
count as shown by the books which you kept for the plaintiff and
the defendants, Kasenberg? A. Yes, sir."

It was shown that while Cox kept the books for Hartshorn, yet, instead of testifying from the books which were then in his immediate possession, or instead of introducing the original books in evidence as plaintiff had a right to do, and should have done, the court permitted the witness to identify a purported copy of the account between Hartshorn and Kasenberg and his wife, and later permitted counsel for plaintiff to introduce the same in evidence, and to read it to the jury, and to use it in his argument of the case to the jury, over the objections of the defendants, and in the face of the fact that the bookkeeper who kept the books was also present in court.

Plaintiff contends that defendants have no right to object to this class of testimony in this court for the reason that they could have introduced the books themselves, and could have subpoenaed the bookkeeper with the books had they wanted to do so. This is entirely beside the question, for it was not the defendants' business to make plaintiff's case, and he was not supposed to know the conditions of the books, and had a right to rely upon the introduction of the same as being the best evidence of which the case was susceptible.

Counsel for plaintiff also insists that all this evidence was immaterial, and asks the court to read the entire record in order to determine that fact and, that it being immaterial, no prejudicial error was committed by the court in permitting its introduction. We have read the entire record with care, and do not agree with the contention of counsel in this behalf. The case will have to be reversed, and if counsel's views on this subject at the next trial are the same as at present, this question will be entirely eliminated, for of course he will not offer immaterial and incompetent testimony before a court and jury in the trial of a cause.

There are many other errors raised in the petition in error and treated by counsel for plaintiff in error in his brief. However, it will be unnecessary for us to consider them, inasmuch as the errors already considered require the reversal of the case.

For the reasons given above, the judgment of the district court of Atoka county should be reversed, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concur.