## JACKSON et al. v. MOORE.

No. 2743.    Opinion Filed September 2, 1913.

(134 Pac. 1114.)

1.  **EVIDENCE — Account Books — Predicate.**   In order to render books of account admissible in evidence under section 5907, Comp. Laws 1909 (Rev. Laws 1910, sec. 5114), it must be made to appear by the oath of the person who made the entries that such entries are correct, and were made at or near the time of the transaction to which they relate, or by proof of the handwriting of the person who made the entries, in case of his death or absence from the county.

2.  **PAYMENT—Application.**   The rule of law is that, if a debtor, owing two or more separate debts, fails to direct in what manner a payment may be applied, the right then passes to the creditor to make whatever application he pleases.   And an instruction that ''the creditor must apply a payment made by debtor upon the debt most burdensome to the debtor in the absence of an agreement to the contrary'' is erroneous.

(Syllabus by Harrison, C.)

*Error from County Court, Coal County;*
*R. H. Wells, Judge.*

Action by J. A. Jackson and another against W. N. Moore. Judgment for defendant, and plaintiffs bring error.   Reversed.

*C. M. Threadgill,* for plaintiffs in error.

Opinion by HARRISON, C.   This action was begun in the justice court by plaintiffs in error, J. A. Jackson and Fred Warner, against W. N. Moore, defendant in error; for the sum of $129.45, balance due on two promissory notes.   Defendant pleaded certain payments, which he alleged had not been credited on said note, and which payments were sufficient to satisfy said notes in full.   Plaintiffs admitted that the alleged payments had been made, but alleged that part of same had been credited on an open account against defendant, after the notes had been given, and the balance had been applied on said notes.   The cause was tried, and judgment rendered in favor of plaintiffs.   Defendant ap-

pealed to the county court, wherein a verdict and judgment was rendered in favor of defendant, and plaintiffs appealed from said judgment to this court.

There are two propositions involved: First. The refusal of the court to allow plaintiffs to introduce in evidence a leaf taken from a "loose-leaf ledger" and offered as the original entries of plaintiffs' account against defendant. Second. The giving of the following instructions:

"Gentlemen of the jury, at the request of the defendant I charge you that the creditor must apply a payment made by a debtor upon the debt most burdensome to the debtor, in the absence of an agreement to the contrary."

As to the first proposition, had the ledger in question been identified, as required by statute, as the book of original entries of plaintiffs' account against defendant, then the portion containing the account would have been competent testimony, and should have been admitted. But the record here does not show it to have been sufficiently identified. All that is shown by the record pertaining to this matter is as follows:

"After defendant had rested, Mr. Jackson, one of the plaintiffs, was recalled by counsel for plaintiffs and asked: 'Q. Mr. Jackson, after these notes were given by the defendant, did he have any account with the Wapanucka Hardware Company? (Objected to by the defendant. Objection sustained.) Q. Was the account on the books? A. Yes. Q. Did you have personal knowledge of it? (Objected to. Objection overruled, to which is excepted.) A. Yes, I did. Q. I will ask you, is this leaf out of the books showing the original account? A. It is. Q. I will ask you if Mr. Moore didn't get some binder twine from the Wapanucka Hardware Company in the month of June? (Objected to by defendant as immaterial. Sustained and excepted.)'"

This is all the testimony tending to identify the account offered in evidence, further than that the leaf was offered in evidence and rejected by the court.

Section 5907, Comp. Laws 1909 (Rev. Laws 1910, sec. 5114), provides:

"Entries in books of account may be admitted in evidence, when it is made to appear by the oath of the person who made the entries, that such entries are correct, and were made at or near the time of the transaction to which they relate, or upon

proof of the handwriting of the person who made the entries, in case of his death or absence from the county. (St. Okla. 1893, 4277.)"

The record does not show such identification as the statutes require. It does not show who made the entries, nor whether they were correct, nor whether they were made at or near the time of the transaction to which they relate. And as the record does not show upon what grounds the court rejected the account, inasmuch as it shows on its face that the identification was not such as the statute required, we cannot say the court erred in rejecting same.

The second contention, however, that the court erred in giving the instruction above mentioned, must be sustained. It is true that the said instruction substantially states the rule of the civil law:

"But in this country, in so far as the common law prevails, the rules of the civil law have been greatly modified and in many respects entirely repudiated." (30 Cyc. 1228.)

"The general rule is that a creditor may apply a payment, voluntarily made by the debtor without a specific appropriation where there are two or more debts, to whichever debt he pleases." (30 Cyc. 1233.)

"The general rule of the common law is that if the debtor fails to direct in what manner a payment may be applied, the right then passes to the creditor to make whatever application he pleases." (2 Am. & Eng. Enc. of Law [2d Ed.] 437.)

This rule has been followed by almost every state in the Union, and by the U. S. Supreme Court, and by the courts of England and Canada.

In *King v. Sutton*, 42 Kan. 603, 22 Pac. 696, it is said in the opinion:

"We think the rule is well settled that a debtor making voluntary payment may direct to which account or debt—if there be more than one—the credit may be applied; if he makes no such direction, then the creditor may; if both fail to do so, then the law will apply payment according to its notion of justice"

—citing *Shellabarger v. Binns*, 18 Kan. 345; *United States v. Kirkpatrick*, 9 Wheat. 737, 6 L. Ed. 199; *Wooten v. Buchanan*, 49 Miss. 386; *National Bank v. National Bank*, 94 U. S. 439,

24 L. Ed. 176; *National Bank v. Bigler,* 83 N. Y. 53; *Whitaker v. Groover,* 54 Ga. 174; *Jones v. Williams,* 39 Wis. 300; *Moore v. Kiff,* 78 Pa. 97; *Hersey v. Bennett,* 28 Minn. 86, 9 N. W. 590, 41 Am. Rep. 271.

There is no contention in the record that there was any agreement or understanding, either express or implied, between plaintiffs and defendant by which plaintiffs were obligated to apply the payment on any particular debt. The correctness of the account which plaintiffs offered in evidence is not specifically denied. In fact it was impliedly admitted and the case tried on the theory that the debts covered by note were more burdensome to the debtor than that covered by the open account, and that the law imposed on the plaintiffs the obligation to apply the payment on the note, and the jury was instructed to this effect. The instructions of the court do not state the rule of law now in force.

Therefore the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.