## SENECA CO. v. DOSS.

No. 7572—Opinion Filed June 13, 1916.

(158 Pac. 575.)

**1. Evidence — Documentary Evidence — Books of Account.**

Entries in books of account may be admitted in evidence, when it is made to appear, by the oath of the person who made the entries, that such entries are correct, and were made at or near the time of the transaction to which they relate, or upon proof of the handwriting of the person who made the entries, in case of his death or absence from the county, or upon proof that the same were made in the usual course of business.

**2. Appeal and Error — Review — Scope and Extent—Grounds of Decision.**

The sustaining of a demurrer to the evidence upon certain stated grounds will not be disturbed upon appeal, where one or more of the objections taken to the sufficiency of the evidence, even though other than those deemed valid by the trial judge, are good.

(Syllabus by Mathews, C.)

Error from County Court, Pittsburg County; S. F. Brown, Judge.

Action by the Seneca Company against C. O. Doss. Judgment for defendant, and plaintiff brings error. Affirmed.

A. C. Markley, for plaintiff in error.

Wright & Boyd, for defendant in error.

Opinion by MATHEWS, C. This was an action against the surety upon an idemnity bond. The plaintiff company entered into a contract with one E. D. Hughes, wherein the said Hughes was employed as a traveling salesman for plaintiff, and the defendant signed the following instrument with the said Hughes:

"To The Seneca Company, Inc., Tiffin, Ohio: The undersigned jointly and severally agree to become responsible in the sum not to exceed $200.00 insuring the safe return of sample case and outfit to the Seneca Company, Inc., which may have been intrusted to E. D. Hughes and protection for any advances or overdrafts and further guarantee that orders taken by E. D. Hughes in the capacity of traveling salesman for the Seneca Company, Inc., be neither forged nor stuffed."

The action was against both Hughes and defendant, Doss, but Hughes was not served, and the same was dismissed as to him.

The action was based upon a verified account for cash claimed to have been advanced to the said Hughes in excess of commissions earned. The defendant answered by verified general denial. At the close of plaintiff's testimony, the defendant interposed a demurrer thereto upon three grounds, and the court overruled the same as to the first ground and sustained it as to the second and third; the demurrer being as follows:

"First. Because plaintiff's evidence, if true, is not sufficient in law to prove a cause of action against the defendant, C. O. Doss.

"Second. Because the evidence offered by plaintiff shows that, after the execution of the guaranty bond sued upon in this action, there was a change of contract between the plaintiff and the said E. D. Hughes, the principal upon said bond, in that the terms of the principal contract to which the bond was collateral was changed in a material matter, so as to relieve the said defendant, C. O. Doss, from further liability.

"Third. Because the bond sued upon was collateral to the main contract between the plaintiff and the said E. D. Hughes, and is a bond of guaranty, and plaintiff has no cause of action against the defendant, C. O. Doss, as guarantor, until the plaintiff has exhausted any legal remedy which it may have against the said E. D. Hughes, as principal on the bond and as the original obligor upon the original contract to which said bond is collateral."

We are of the opinion that the demurrer should not have been sustained upon the second and third, but upon the first ground only, which the court overruled. As before stated, the action was upon an open account. The plaintiff rested its case upon the testimony of a single witness, who was the general manager of the company, becoming such on October 1, 1913. Previous to that time he had been a traveling salesman for the company. The employment of Hughes by the company terminated in December, 1912, and the indebtedness sued on had been incurred prior to the time the witness became the manager of plaintiff company.

This witness was permitted to testify, over the objection of defendant, as to mailing out statements to Hughes of his account, and as to the correctness of the statements, and the amount due on the account. He was also permitted to identify and introduced in evidence the original drafts drawn by Hughes upon the company and testified as to their payment, and this evidence followed:

"Q. Have you a statement of the ledger account of Mr. Hughes? A. I have. Q. Was this statement taken off the books in your presence? A. It was. Q. Have you verified the statement with the books? A. I have. Q. Is it a correct statement as. contained in the ledger of the Seneca Company? A. It is. Q. Has he received all the credit to which he is entitled from the Seneca Company? A. He has."

The defendant not only objected to the reception of the testimony, but at the close moved that it be stricken out on the grounds

that the same was hearsay and that the witness had no personal knowledge of the things about which he was testifying.

It is evident that this witness was incompetent to testify concerning all of the above matters. His testimony showed that prior to October, 1913, he was a traveling salesman for the company, having no connection with the management, and that the items sued on were transactions had with Hughes long before he became manager of the company. The drafts introduced show to have been paid long prior thereto. The statements were made and sent out before he became manager, and it affirmatively appeared that the witness had no personal knowledge of any of these transactions and was simply testifying as to what the records in the office of the company showed when he took charge of its affairs. He did not and could not know that the books were correctly kept. Section 5114, Rev. Laws 1910, expressly provides the method of proving a book account and is as follows:

"Entries in books of account may be admitted in evidence, when it is made to appear by the oath of the person who made the entries that such entries are correct, and were made at or near the time of the transaction to which they relate, or upon proof of the handwriting of the person who made the entries, in case of his death or absence from the county, or upon proof that the same were made in the usual course of business."

No effort was made to comply with this statute, and almost the entire evidence of the witness was inadmissible. Kasenberg et ux. v. Hartshorn, 30 Okla. 417, 120 Pac. 956; Jackson et al. v. Moore, 39 Okla. 234, 134 Pac. 1114; St. Louis & S. F. R. R. Co. v. Zickafoose, 39 Okla. 302, 135 Pac. 406; Muskogee Electric Traction Co. v. McIntire, 37 Okla. 684, 133 Pac. 213; M., K. & T. Ry Co. v. Davis. 24 Okla. 677, 104 Pac. 34, 24 L. R. A. (N. S.) 866; Drumm-Flato Comm. Co. v. Edmisson, 17 Okla. 344, 87 Pac. 311.

The ruling of the court in sustaining the demurrer to the evidence was proper, although upon the wrong grounds, and upon appeal this court will consider all the grounds assigned in the demurrer to the evidence, and, if any of such grounds are well taken, the ruling of the court on the demurrer will be sustained.

In the case of Leahy v. Indian Territory Illuminating Oil Co., 39 Okla. 312, 135 Pac. 416, it is said:

"On appeal by a plaintiff from an order which sustained a demurrer to the petition on one of several grounds, this court will consider all the grounds assigned, and the order will be sustained if any of such grounds are well taken."

From the case of Culkin v. Matz, 27 Colo. App. 198, 149 Pac. 270, we take the following:

"Where a verdict was properly directed, the judgment will be affirmed, though the cause assigned by the trial court for directing the verdict was insufficient."

We take this excerpt from the case of Des Granges v. Crall, 27 Cal. App. 313, 149 Pac. 777:

"The sustaining of a demurrer upon specific grounds cannot be disturbed on appeal, where it appears that any of the objections taken to the complaint, even though other than those deemed valid by the trial judge, are good." In re Infelise's Estate (Mont.) 149 Pac. 365; McRory v. Independent Order of Puritans (Colo.) 154 Pac. 92; Hodgins v. Hodgins, 23 Okla. 625, 103 Pac. 711; Hancock v. Youree et al., 25 Okla. 460, 106 Pac. 841.

For the reasons given, we recommend that the judgment be affirmed.

By the Court: It is so ordered.