## BATCHELDER v. MINKS.

No. 8564—Opinion Filed April 13, 1920.

(Syllabus by the Court.)

**Evidence—Best Evidence—Statements of Account.**

The original books of account should be produced, where copies of entries in such books are objected to as not the best evidence.

Error from District Court, McClain County; F. B. Swank, Judge.

Action by Charles S. Batchelder against William Minks to dissolve partnership and for an accounting. From a judgment in favor of defendant, plaintiff brings error. Reversed.

L. T. Cook and Shartel, Dudley & Shartel, for plaintiff in error.

Bond, Melton & Melton, for defendant in error.

OWEN, C. J. Plaintiff and defendant formed a partnership in 1912, by oral agreement, for the purpose of farming and raising live stock. There was no definite term fixed, the relation continuing until August 9, 1915, when this action was instituted by plaintiff for dissolution and for an accounting of all the transactions of the partnership from its inception. The case was heard before a referee, and, over the objections of plaintiff, defendant offered in evidence two itemized statements of his account with plaintiff, showing certain amounts which he alleged he had paid out at the instance and upon the request of plaintiff. These statements had been copied from the books kept by defendant, and no reason was given for failure to produce the books. The referee found in favor of the defendant, and his report, over objection of plaintiff, was approved by the trial court, and judgment rendered against plaintiff and in favor of defendant on his cross-petition.

Under the provisions of section 5114, Rev. Laws 1910, entries in books of account may be admitted in evidence, when it is made to appear that such entries are correct and were made at or near the time of the transactions

to which they relate. But these statements were nothing more than copies of entries. The rule is well settled that the original books of account must be produced or sufficient reason shown for failure to produce them. In Kasenberg v. Hartshorn, 30 Okla. 417, 120 Pac. 956, it was held reversible error to permit the introduction of a copy of the account as evidence, although the statements were offered by the bookkeeper who had made the original entries in the books from which the statements were copied To the same effect: Missouri, K. & T. R. Co. v. Davis, 24 Okla. 677, 104 Pac. 34; Drumm-Flato Comm. Co. v Edmisson, 17 Okla. 344, 87 Pac. 311, 208 U. S. 534, 52 L. Ed. 606.

The judgment of the trial court is reversed, with directions to grant a new trial.

RAINEY, PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.